UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAROSLAV HORNOF, *et al.*, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | No. 2:19-CV-198-JDL |
| ) | |
| SHANE WALLER, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

**UNITED STATES' ANSWER TO
PLAINTIFFS' AMENDED COMPLAINT**

The United States of America answers Plaintiffs' Amended Complaint, ECF No. 3, as follows:

**Introduction**

1.  The United States admits that Plaintiffs Jaroslav Hornof, Damir Kordic, and Lucas Zak are foreign crewmen, one of whom (Hornof) discovered and reported the unlawful discharge of oily bilge water from the *M/V Marguerita*, a vessel registered and flagged in the Republic of Liberia. Otherwise, Paragraph 1, including subsections a through p, is denied.

**Parties**

2.  Paragraph 2 is admitted.

3.  Paragraph 3 is admitted.

4.  Paragraph 4 is admitted.

5.  The United States admits that Shane Waller was a trial attorney employed by the U.S. Department of Justice. Otherwise, Paragraph 5 is denied.

6.  Paragraph 6 is denied.

7.  The United States admits that Richard Udell is a senior litigation counsel with the

U.S. Department of Justice.  Otherwise, Paragraph 7 is denied.

8. The United States admits that Captain Michael A. Fazio, U.S. Coast Guard—then holding the rank of Commander—was a military officer and the Deputy Staff Judge Advocate for the U.S. Coast Guard First District.  Otherwise, Paragraph 8 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

9. The United States admits that Captain Michael Baroody, U.S. Coast Guard, was the Commanding Officer of U.S. Coast Guard Sector Northern New England.  Otherwise, Paragraph 9 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

10. The United States admits that Lieutenant Jon D. Lavallee, U.S. Coast Guard, was a military officer and assistant staff judge advocate assigned to U.S. Coast Guard First District. Otherwise, Paragraph 10 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

11. The United States admits that Special Agent Mark Root was an agent with the U.S. Coast Guard Investigative Service assigned to the agency's offices in Portland, Maine.  Otherwise, Paragraph 11 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

12. The United States admits that Christi Doyle was the Customs and Border Protection Assistant Area Port Director assigned to the Area Port of Portland.  Otherwise, Paragraph 12 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

13. The United States admits that Shannon True was a Customs and Border Protection Officer assigned to the Port of Portland, Portland, Maine.  Otherwise, Paragraph 13 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

## Jurisdiction and Venue

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is admitted.

## Additional General Allegations

17. Paragraph 17 is admitted.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is admitted.

21. The United States admits that "Mr. Hornof determined that the vessel's then chief engineer was [unlawfully] ordering the discharge overboard . . . of oily bilge [waste]." Otherwise, Paragraph 21 is denied.

22. The United States admits that "MARPOL is a series of international conventions to which both the United States and the Republic of Liberia are parties" and that "[t]he conventions are designed to prevent pollution from vessels . . . ." Otherwise, Paragraph 22 is denied.

23. The United States admits that "Mr. Hornof reported the [unlawful discharges of oily waste] to the then captain [of the *M/V Marguerita*] and to the company responsible for operating the vessel, known as 'MST.'" Otherwise, Paragraph 23 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

24. Paragraph 24 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

25. Paragraph 25 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

3

26. The United States admits that "Mr. Hornof . . . provided video evidence he had created depicting the makeshift system used for the [unlawful] discharges." Otherwise, Paragraph 26 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

27. Paragraph 27 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

28. Paragraph 28 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

29. The United States admits that electronic correspondence was attached to the Amended Complaint. *See* ECF No. 3-1. This correspondence suggested that the Liberian Registry had requested documentation relevant to the false Oil Record Book entries and that Compliance Systems Inc. was asked to conduct a shipboard investigation and MARPOL audit of the *M/V Marguerita*. *See id.* at 1, 3. Otherwise, Paragraph 29 is denied due to a lack of information sufficient to confirm the truth of the matters asserted within.

30. Paragraph 30 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

31. Paragraph 31 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

32. The United States admits that a letter was attached to the Amended Complaint. *See* ECF No. 3-2 (Reederi MS Marguerita GmbH & Co. Geschlossene Investment-KG ("MGI), MST Mineralien Schiffahrt Spedition und Transport GmbH ("MST") and *M/V Marguerita* (Chalos & Sparkman)/Commander, U.S. Coast Guard First Coast Guard District and U.S. Coast Guard Sector Northern New England, June 28, 2017). That letter contains the quoted language, as well as other

information.  *Id*. at 2.  Otherwise, Paragraph 32 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

33. Paragraph 33 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

34. Paragraph 34 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

35. Paragraph 35 is denied.

36. Paragraph 36 is a statement of law to which no response is required.  To the extent a response is required, Paragraph 36 is denied.  Plaintiffs quote selectively from MARPOL and mischaracterize the treaty's operation, which permits port States to institute legal action under its own laws for MARPOL violations.  *See* MARPOL, Art. 4(2), 1340 U.N.T.S. 61, 185-86.

37. Paragraph 37 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

38. Paragraph 38 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

39. Paragraph 39 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

40. Paragraph 40 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

41. Paragraph 41 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

42. Paragraph 42 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

43. Paragraph 43 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

44. Paragraph 44 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

45. The United States admits that Zak was issued a D-2 shore pass, which allows temporary entry into the United States for the purpose of departing the United States. Otherwise, Paragraph 45 is denied.

46. The United States admits that Hornof and Kordic were issued D-1 shore passes, which allow temporary entry into the United States for limited shore leave. Otherwise, Paragraph 46 is denied.

47. Paragraph 47 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

48. Paragraph 48 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

49. The United States admits that on or about July 7, 2017, federal agents boarded the *M/V Marguerita* to conduct a Port State Control inspection that included interviewing the crew members. Otherwise, Paragraph 49 is denied, due in part to a lack of information sufficient to confirm the truth of the matters asserted within.

50. The United States admits that Plaintiffs were interviewed. Otherwise, Paragraph 50 is denied.

51. Paragraph 51 is denied.

52. The United States admits that the *M/V Marguerita*'s departure clearance was lawfully withheld and that all crew members aboard the vessel had their shore leave revoked.

Otherwise, Paragraph 52 is denied.

53.  The United States admits that after their shore leave was revoked Plaintiffs were not permitted to enter the United States for a period of time. Otherwise, Paragraph 53 is denied.

54.  Paragraph 54 is denied.

55.  Paragraph 55 is denied.

56.  Paragraph 56 is denied.

57.  Paragraph 57 is denied.

58.  Paragraph 58 is denied for lack of information sufficient to confirm the truth of the matters asserted within. The allegation that federal officials were "co-conspirators" is specifically denied.

59.  Paragraph 59 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

60.  Paragraph 60 is denied.

61.  Paragraph 61 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

62.  The United States admits that on July 14, 2017, Zak and another crewmember "filed a joint petition for writs of habeas corpus in the United States District Court for the District of Maine." The suggestion that Plaintiffs were subject to "illegal detention and arrest" is specifically denied. Otherwise, the remainder of Paragraph 62 is denied due to a lack of information sufficient to confirm the truth of the matters asserted within.

63.  Paragraph 63 is denied.

64.  The United States admits that the *M/V Marguerita*'s departure clearance was withheld because reasonable cause existed to believe that there had been a "violation of the U.S.

law implementing MARPOL, known as the Act to Prevent Pollution from Ships ('APPS')." Otherwise, Paragraph 64 is denied.

65. Paragraph 65 is denied.

66. Paragraph 66 is denied.

67. The United States admits that "APPS authorizes the Secretary of Treasury to withhold permission for a vessel to leave a port if there is 'reasonable cause' to believe the vessel may be subject to a 'fine or civil penalty' under APPS," however, the reference to the Secretary of the Treasury in Section 1910 is outdated. In 2002, many of the Secretary's functions, including the Customs Service, were reassigned to the Secretary of Homeland Security. *See* 6 U.S.C. § 203 (transferring functions). Otherwise, Paragraph 67 is denied.

68. Paragraph 68 is denied.

69. Paragraph 69 is denied.

70. Paragraph 70 is denied.

71. The United States admits that the Agreement on Security was executed by Reederei MS Marguerita Gmbh & Co. Geschlossene Investment-KG (owner), MST Mineralien Schiffahrt Spedition and Transport GmbH (operator), and CAPT Michael Fazio, U.S. Coast Guard, on behalf of the United States. The United States also admits that the Agreement identified nine crew members who were to remain within the State of Maine, rather than departing with the *M/V Marguerita* when it sailed. Otherwise, Paragraph 71 is denied.

72. The United States admits that Plaintiffs were not parties to the Agreement on Security. Otherwise, Paragraph 72 is denied.

73. The United States admits that on or about July 16, 2017, Plaintiffs were presented to Customs and Border Protection officials for the purpose of paroling them into the United States.

Otherwise, Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. The United States admits that Plaintiffs were lawfully paroled into the United States. Otherwise, Paragraph 75 is denied.

76. Paragraph 76 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

77. The United States admits that it lawfully took control of Plaintiffs' passports. Otherwise, Paragraph 77 is denied.

78. The United States admits that it lawfully took control of nine crew members' passports who were identified in the Agreement on Security. Otherwise, Paragraph 78 is denied.

79. Paragraph 79 is denied.

80. The United States admits that Plaintiffs took various legal actions in trying to obtain permission to leave the country, however, in light of the importance of their testimony, the United States sought and received material witness warrants. Otherwise, Paragraph 80 is denied.

81. The United States admits that on or about July 17, 2017, it sought and received a material witness warrant for Zak. Otherwise, Paragraph 81 is denied.

82. Paragraph 82, including subparts a through p, is denied.

83. The United States admits that the Court issued a warrant for Zak's arrest. A concomitant Order Setting Conditions of Release required that Zak surrender his passport to the U.S. Coast Guard. Otherwise, Paragraph 83 is denied.

84. Paragraph 86 is denied.

85. Paragraph 85 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

86. The United States admits that Hornof filed a motion captioned "Emergency Motion of Jaroslav Hornof for Discharge from Constructive Detention, To Take Deposition Pursuant to Federal Rule of Criminal Procedure 15, and For Expedited Briefing and Hearing." Otherwise, Paragraph 86 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

87. Paragraph 87 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

88. Paragraph 88 is denied.

89. The United States admits that it filed a motion for a material witness warrant for Hornof, which included an affidavit signed by Special Agent Mark Root, U.S. Coast Guard Investigative Service. Otherwise, Paragraph 89, including subsections a through m, is denied.

90. The United States admits that the Court issued a material witness warrant for Hornof. Otherwise, Paragraph 90 is denied.

91. The United States admits that Kordic, Hornof, and "others filed a motion in this Court for the return of [their] seized property" and the United States "opposed that motion." Otherwise, Paragraph 91 is denied.

92. The United States admits that it applied for and obtained a material witness warrant for Kordic. Otherwise, Paragraph 92 is denied.

93. The United States admits that it filed a motion seeking a material witness warrant for Kordic, which included an affidavit signed by Special Agent Mark Root, U.S. Coast Guard Investigative Service. Otherwise, Paragraph 93, including subsections a through l, is denied.

94. The United States admits that the Court issued a material witness warrant for Kordic. Otherwise, Paragraph 94 is denied.

95. The United States admits that Plaintiffs testified before the grand jury and were not permitted to leave the United States until they completed depositions taken under Federal Rule of

Criminal Procedure 15, as ordered by the Court. Otherwise, Paragraph 95 is denied.

96. The United States admits that in August 2017 "the United States District Court for the District of Maine ordered that after giving deposition testimony the government allow each of the plaintiffs to depart the country." The United States also admits that "the plaintiffs gave deposition testimony" and that prior to their departure trial subpoenas were served on them. Otherwise, Paragraph 96 is denied.

97. The United States admits that "the plaintiffs sought to have the subpoena quashed, but the government objected." Otherwise, Paragraph 97 is denied.

98. Paragraph 98 is denied.

99. Paragraph 99 is denied for lack of information sufficient to confirm the truth of the matters asserted within.

100. Paragraph 100 is denied.

101. The United States admits Plaintiffs were never charged with a crime related to the APPS violations. Indeed, they were never targets of the investigation, but were instead material witnesses who received immunity from prosecution. Otherwise, Paragraph 101 is denied.

102. Paragraph 102 is denied.

103. Paragraph 103 is denied.

104. Paragraph 104 is denied.

105. Paragraph 105 is denied.

106. Paragraph 106 is denied.

## Count I
### (*Bivens* Claim)

107. The United States reasserts its prior responses to Plaintiffs' allegations.

108. Paragraph 108 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 108 is denied.

109. Paragraph 109 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 109 is denied.

110. Paragraph 110 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 110 is denied.

111. Paragraph 111 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 111 is denied.

112. Paragraph 112 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 112 is denied.

113. Paragraph 113 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 113 is denied.

114. Paragraph 114 requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 114 is denied.

The unnumbered paragraph beginning with "WHEREFORE" requires no response because it is not directed at the United States and because Count I was dismissed. *See* ECF No. 61 (Order

on Motions to Dismiss). To the extent a response is required, the unnumbered paragraph is denied.

## Count II
### (Federal Tort Claims Act)

115. The United States reasserts its prior responses to Plaintiffs' allegations.

116. The United States admits that "[t]he actions of the individual defendants were taken within the course and scope of their employment and as agents of the United States and the agencies and departments that employed them, including the Department of Justice, the Department of Homeland Security, and the United States Coast Guard."

117. The United States admits that Special Agent Mark Root, U.S. Coast Guard Investigative Service was a "law enforcement officer[] of the United States government within the meaning of the Federal Tort Claims Act." Otherwise, Paragraph 117 is denied.

118. Paragraph 118 is denied.

119. Paragraph 119 is denied.

120. Paragraph 120 is denied.

121. Paragraph 121 is denied.

122. The United States admits that it paroled Plaintiffs into the country and that it took control of their passports. Otherwise, Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

127. Paragraph 127 is denied.

128. Paragraph 128 is denied.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. The United States admits that Plaintiffs submitted administrative FTCA claims to the United States. Otherwise, Paragraph 131 is denied.

The unnumbered paragraph beginning with "WHEREFORE" requires no response. To the extent a response is required, the unnumbered paragraph is denied.

## Count III
### (Claim Under 33 U.S.C. §§ 1904 and 1910)

132. The United States reasserts its prior responses to Plaintiffs' allegations.

133. Paragraph 133 requires no response because Count III was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 133 is denied.

134. Paragraph 134 requires no response because Count III was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 134 is denied.

135. Paragraph 135 requires no response because Count III was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 135 is denied.

136. Paragraph 136 requires no response because Count III was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 136 is denied.

The unnumbered paragraph beginning with "WHEREFORE" requires no response because Count III was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, the unnumbered paragraph is denied.

## Count IV
### Declaratory and Injunctive Relief

137. The United States reasserts its prior responses to Plaintiffs' allegations.

138. Paragraph 138 is denied.

139. Paragraph 139 is denied.

140. Paragraph 140 is denied.

141. Paragraph 141 is denied.

142. Paragraph 142 is denied.

143. Paragraph 143 is denied.

144. Paragraph 144 is denied.

145. Paragraph 145 is denied.

The unnumbered paragraph beginning with "WHEREFORE," including subsections a through f, requires no response. To the extent that a response is required, the unnumbered paragraph and its subsections are denied.

## Count V
### Claim Under 18 U.S.C. § 1595

146. The United States reasserts its prior responses to Plaintiffs' allegations.

147. Paragraph 147 requires no response because it is not directed at the United States and because Count V was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 147 is denied.

148. Paragraph 148 requires no response because it is not directed at the United States and because Count V was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 148 is denied.

149. Paragraph 149 requires no response because it is not directed at the United States and because Count V was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 149 is denied.

The unnumbered paragraph beginning with "WHEREFORE" requires no response because it is not directed at the United States and because Count V was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, the unnumbered paragraph is denied.

## Count VI
### Violation of 18 U.S.C. § 1962

150. The United States reasserts its prior responses to Plaintiffs' allegations.

151. Paragraph 151 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 151 is denied.

152. Paragraph 152 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 152 is denied.

153. Paragraph 153 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 153 is denied.

154. Paragraph 154 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 154 is denied.

155. Paragraph 155 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the

extent that a response is required, Paragraph 155 is denied.

156.    Paragraph 156 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 156 is denied.

157.    Paragraph 157 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 157 is denied.

158.    Paragraph 158 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 158 is denied.

159.    Paragraph 159 requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, Paragraph 159 is denied.

The unnumbered paragraph beginning with "WHEREFORE," including subsections a through c, requires no response because it is not directed at the United States and because Count VI was dismissed. *See* ECF No. 61 (Order on Motions to Dismiss). To the extent that a response is required, the unnumbered paragraph and its subsections are denied.

## **Affirmative Defenses**

Defendant United States respectfully asserts the following affirmative defenses:

1.    Plaintiffs lack the constitutional rights on which they base their claims.

2.    The Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims and their Amended Complaint, ECF No. 3, fails to state a claim upon which relief may be granted because the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), bars such claims.

3.      The Court lacks subject matter jurisdiction over Plaintiffs' FTCA claims and Plaintiffs' Amended Complaint, ECF No. 3, fails to state a claim upon which relief may be granted because the FTCA's intentional tort exception, 28 U.S.C. § 2680(h), bars those claims.

4.      Plaintiffs' Amended Complaint, ECF No. 3, fails to state a claim upon which relief may be granted to the extent that their testimony was material to a criminal prosecution and their appearance in furtherance of that matter was impracticable to secure without a warrant. *See* 18 U.S.C. § 3144 (establishing these two elements).

5.      Plaintiffs did not suffer false arrest, false imprisonment, intentional infliction of emotional distress, or abuse of process—*i.e.*, the remaining claims, *see* ECF No. 61 (Order on Motions to Dismiss) at 54—because the United States' actions were objectively reasonable under the circumstances.

6.      Plaintiffs' Amended Complaint, ECF No. 3, fails to state a claim for false arrest, false imprisonment, intentional infliction of emotional distress, or abuse of process—*i.e.*, the remaining claims, *see* ECF No. 61 (Order on Motions to Dismiss) at 54—because Plaintiffs fail to meet the elements necessary to satisfy those claims.

7.      The United States' implementation of the International Convention for the Prevention of Pollution from Ships, Nov. 2, 1973, 1340 U.N.T.S. 184, and the Protocol of 1978 relating to the International Convention for the Prevention of Pollution from Ships, Feb. 17, 1978, 1340 U.N.T.S. 61, (collectively, "MARPOL") presents a political question over which the Court lacks jurisdiction.

8.      The United States' enforcement of MARPOL and the Act to Prevent Pollution from Ships ("APPS"), 33 U.S.C. §§ 1901-13, which implements MARPOL—to include certain requirements set by the U.S. Coast Guard Agreement on Security—are matters committed to

agency discretion by law.

9. Plaintiffs' alleged injuries or damages, if any, were not proximately caused by the United States' acts or omissions.

10. Plaintiffs' alleged injuries or damages, if any, were proximately caused by the intervening or superseding acts or failures to act of someone other than the United States.

11. The United States' acts or omissions were not the cause in fact of Plaintiffs' alleged injuries or damages, if any.

12. The United States may uncover facts that support one or more of the affirmative defenses set forth in Federal Rule of Civil Procedure 8(c) and to avoid waiving them hereby incorporates those defenses by reference.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, ECF No. 3, the United States requests that the Court enter judgment in its favor, that the same be dismissed with prejudice, that Plaintiffs take nothing thereby, and that the Court award the United States its costs and any other relief deemed just and reasonable.

Dated:  November 3, 2020

    Respectfully submitted,

    JEFFREY BOSSERT CLARK
    Acting Assistant Attorney General

    HALSEY B. FRANK
    United States Attorney

    JOHN G. OSBORN
    Chief, Civil Division
    United States Attorney's Office
    District of Maine
    100 Middle Street
    East Tower, 6th Floor
    Portland, Maine 04101
    (207) 780-3257

john.osborn2@usdoj.gov

*/s/ Michael A. DiLauro*
MICHAEL A. DiLAURO
Senior Admiralty Counsel
KALYNN E. HUGHES
Trial Attorney
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
(overnight courier)
175 N St., N.E., Ste. 8.1815
Washington, D.C. 20002
(mailing)
P.O. Box 14271
Washington D.C. 20044-4271
Telephone: (202) 616-4047/4060
Facsimile: (202) 616-4159
michael.dilauro@usdoj.gov
kalynn.e.hughes@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2020, a true and correct copy of the foregoing was filed with this Court electronically and served electronically pursuant to D. Me. Loc. R. 5(c) and Fed. R. Civ. P. 5(d), or by mail on any party to this action unable to accept electronic filing. Notice of this filing will be sent by electronic mail (e-mail) to Plaintiffs' counsel and all parties by operation of the Court's electronic filing system (ECF) or by mail to any party unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF System. This notice comports with D. Me. Loc. R. 10.

*/s/Michael A. DiLauro*
MICHAEL A. DiLAURO
Senior Admiralty Counsel