**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| **JAROSLAV HORNOF, et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  **2:19-cv-00198-JDL** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER ON MOTION FOR FINAL JUDGMENT**

Jaroslav Hornof and two other individuals bring this action against the United States and several federal agencies, as well as nine individual U.S. officials (the "Individual Defendants"), arising out of their detention in connection with an enforcement action against a vessel on which they were employed.[1]  In October 2020, I granted the Individual Defendants' motion to dismiss the claims against them, but allowed the complaint to proceed on several claims brought against the United States (ECF No. 61).  The Individual Defendants have now moved for entry of final judgment on the claims against them under Fed. R. Civ. P. 54(b) (ECF 66).

Rule 54(b) permits a district court to enter a final judgment as to a subset of claims or parties within an action if the court "determines that there is no just reason for delay."  Final judgment under Rule 54(b) should not be "routine."  *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st Cir. 1988).  Although courts do not require a

---

[1] Specifically, the Plaintiffs brought claims under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 1346 (West 2021); *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971); the Act to Prevent Pollution from Ships (APPS), 33 U.S.C.A. §§ 1901-1915 (West 2021); federal statutes prohibiting peonage, involuntary servitude, and human trafficking, 18 U.S.C.A. §§ 1581, 1584, 1592, 1595 (West 2021); and the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C.A. §§ 1961-1968 (West 2021).

defendant to demonstrate "harsh" or "unusual circumstances" before granting partial judgment under Rule 54(b), *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 9 (1980), the First Circuit has "urge[d] the district courts, in borderline cases, to exercise restraint" to avoid inviting piecemeal appeals, *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 581 n.1 (1st Cir. 1994). In determining whether final judgment is appropriate under Rule 54(b), "a district court must take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8; *see also Carter v. City of Philadelphia*, 181 F.3d 339, 346 (3d Cir. 1999) (noting that Rule 54(b) balances "considerations of judicial administrative interests (preservation of the federal policy against piecemeal appeals) and equities (justice to the litigants)").

Here, it is unlikely that granting final judgment as to the Individual Defendants will result in piecemeal appellate review of identical claims and issues, *see Comite pro Rescate de la Salud v. P.R. Aqueduct & Sewer Auth.*, 888 F.2d 180, 184 (1st Cir. 1989), or that future developments in this Court will render moot any appeal pertaining to the claims against the Individual Defendants, *see Maldonado-Denis*, 23 F.3d at 580. Although the sequence of factual events underlying all claims is the same as to both the Individual Defendants and the Government, the legal elements of the Plaintiffs' specific claims against each set of Defendants are largely distinct, and my dismissal of the claims against the Individual Defendants rested—with one or two minor exceptions—on different grounds than the claims against the Government Defendants. Moreover, the only remaining claims arise under the

FTCA, which the Plaintiffs concede they cannot pursue against the Individual Defendants.

On the other hand, there is no particular reason why judicial economy would be affirmatively served by granting partial judgment. The Plaintiffs assert that the United States could afford them full relief—whether through judgment or settlement—which would obviate any need for them to continue pursuing claims against the Individual Defendants. Denying the Individual Defendants' motion would preclude multiple appeals and would not hinder the adjudication of the pending FTCA claims. The judicial economy factor is neutral or weighs, at most, slightly in favor of granting partial judgment.

However, the equities favor—albeit also slightly—the Plaintiffs. They are foreign citizens for whom the cost of carrying on litigation in the United States is already magnified, and they claim to be of limited means. Requiring them to take an immediate appeal, while simultaneously litigating the FTCA claims in this Court, would be a substantial burden. The Individual Defendants contend that they are also burdened by the collateral consequences of being defendants in an active lawsuit, such as the impact on their credit scores, not to mention the attendant anxiety and uncertainty. They note that if partial judgment is not granted, it could be years before their involvement with the case ends. And indeed, for these and other similar reasons, the First Circuit has stated that "the policy of the law favors the resolution of immunity defenses as early in a lawsuit as may be practicable." *Nystedt v. Nigro*, 700 F.3d 25, 30 (1st Cir. 2012). However, entering final judgment as to the Individual Defendants would have minimal practical effect on those Defendants' lives: they

would still be involved as witnesses for the FTCA claims against the United States, they would not incur any legal fees during that involvement, and their professional reputations—if not their pocketbooks—may still be affected by the outcome of the case. Furthermore, to the extent that the Individual Defendants will inevitably bear some discovery burdens in connection with the still-pending FTCA claims against the United States, granting Rule 54(b) judgment would not alleviate those practical inconveniences. Overall, the burden on the Individual Defendants does not outweigh the burden on the Plaintiffs from bifurcating the action.

In short, this is a "borderline case." *Maldonado-Denis*, 23 F.3d at 581 n.1. Although granting the motion would not lead to any substantial duplication of judicial work, the balance of the equities does not support issuing a partial judgment. Accordingly, the Individual Defendants' motion for judgment pursuant to Rule 54(b) (ECF No. 66) is **DENIED**.

**SO ORDERED.**

**Dated this 22nd day of January, 2021.**

_____
**/s/ JON D. LEVY**
**CHIEF U.S. DISTRICT JUDGE**