UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAROSLAV HORNOF et al., | ) |
| | ) |
|     *Plaintiffs* | ) |
| | ) |
| v. | )    No. 2:19-cv-00198-JDL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     *Defendant* | ) |

*MEMORANDUM DECISION AND ORDER ON*
*PLAINTIFFS' MOTION TO AMEND*

This matter is before me on the plaintiffs' motion for leave to file an amended complaint in order to join an additional plaintiff, Jana Hýbková, the wife of plaintiff Jaroslav Hornof, and add claims by her for loss of consortium and intentional infliction of emotional distress (IIED). *See* Plaintiffs' Motion to Amend Complaint ("Motion") (ECF No. 70). Because I conclude that such amendments would be futile in light of Hýbková's failure to comply with the administrative exhaustion requirement of the Federal Tort Claims Act (FTCA), I deny the motion.

**I. Applicable Legal Standards**

The plaintiffs filed their motion on February 11, 2021, before the deadline for amendment of pleadings and joinder of parties expired. *See* Motion at 1. In such circumstances, courts freely give leave to amend where justice so requires, unless the amendment would be futile or reward undue delay. *See* Fed R. Civ. P. 15(a)(2); *Resolution Tr. Corp. v. Gold*, 30 F.3d 251, 253 (1st Cir. 1994). In assessing futility, courts apply the same standard as when assessing motions to dismiss made under Federal Rule of Civil Procedure 12(b)(6). *See Adorno v. Crowley Towing & Trans. Co.*, 443 F.3d 122, 126 (1st Cir. 2006). As such, an amendment is futile when, even assuming the

1

truth of all well-pleaded facts, it fails to state a claim upon which relief could be granted. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996).

## II. Factual Background

The allegations contained in the plaintiffs' operative complaint are set out in greater detail in this court's recent order on the government's motions to dismiss. *See* Order on Motions to Dismiss ("Order") (ECF No. 61) at 2-11. In short, the plaintiffs allege that they were crewmembers on a foreign vessel known as the *M/V Marguerita*, which was subjected to an illegal investigation by the government for violating international pollution laws when it arrived in Portland in July 2017. *See* [First] Amended Complaint ("Operative Complaint") (ECF No. 3) at 2-4. According to the plaintiffs, they were unlawfully detained as "human collateral" to secure potential fines against the vessel and the government sought fraudulent material witness warrants to conceal the unlawful nature of their detention. *Id.* at 4-5. Pertinent to the instant motion to amend, Hornof alleges that his detention in the United States prevented him from returning home to the Czech Republic to attend to his familial duties, including supporting his pregnant wife while she dealt with the death of her mother. *See id.* at 29-30.

The plaintiffs filed their complaint in May 2019 and filed an amended complaint in June 2019. *See* Complaint (ECF No. 1); Operative Complaint. The amended complaint contained six counts against the government and several of its agencies as well as nine federal officers. *See generally* Operative Complaint. The government and the individual defendants moved separately to dismiss the counts. *See* Individual Defendants' Motion to Dismiss (ECF No. 21); United States' Motion to Dismiss (ECF No. 23). In October 2020, this court granted the individual defendants' motion to dismiss in its entirety and granted the government's motion to dismiss in part, leaving only the plaintiff's claims for false arrest, false imprisonment, IIED, and abuse of

process against the government as well as their request for declaratory relief on those claims. *See* Order at 54.

### III.  Discussion

The plaintiffs now seek to join Hornof's wife, Hýbková, as an additional plaintiff and add a count for her alleged damages for loss of consortium and IIED. *See* Motion at 1. In their proposed amendments, the plaintiffs allege that the government lied to this court about Hornof's availability in an effort to prevent him from returning home to Hýbková, who was pregnant with their second child and grieving the death of her mother. *See* [Proposed] Amendment to Plaintiff's Complaint (ECF No. 70-1) at 2-3. They further allege that Hýbková "suffered severe emotional distress, requiring medical and psychiatric treatment and counseling" and the loss of Hornof's "comfort and consortium" as a result of his "prolonged confinement." *Id.* at 3-4. The plaintiffs assert that their motion should be granted because they "have already provided discovery concerning [the] treatment of" Hýbková and, therefore, the amendments "should not cause material delay." Motion at 2.

The government argues that Hýbková's proposed claims are barred because, among other things, she failed to comply with the FTCA's administrative exhaustion requirement. *See* United States' Objection to Plaintiffs' Motion to Amend Complaint ("Opposition") (ECF No. 73) at 5-8. It contends that the FTCA's waiver of the government's general immunity to suit applies only to claims that have been first presented to, and denied by, the appropriate federal agency. *See id.*

3

at 5-6; 28 U.S.C. § 2675(a). It points out that, unlike each of the current plaintiffs, Hýbková did not file administrative claim before seeking relief in court.[1] *See* Opposition at 3.

In their reply, the plaintiffs do not dispute that Hýbková's proposed claims would be subject to the requirements of the FTCA, nor do they assert that she independently filed an administrative claim; rather, they contend that the government had adequate notice of her claims because Hornof's administrative claim identified him as being married and recounted that his wife was distressed as a result of his detention. Reply at 1-2. They also note that Hornof's counsel "repeatedly referred to his wife's distress" when seeking Hornof's release. *Id.* at 2. To require technical compliance with the FTCA's administrative exhaustion requirement when the government had sufficient notice of Hýbková's claims, the plaintiffs argue, would be unjust and inappropriately elevate form over substance. *See id.* at 2-3.

The government has the better argument.

The Supreme Court has held that the FTCA's administrative exhaustion requirement is jurisdictional and "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."[2] *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also Wood v. United States*, Nos. 1:14-cv-00399-JDL, 1:14-cv-00503-JDL, 1:14-cv-00551-JDL,

---

[1] The government included the current plaintiffs' administrative claim forms and a joint complaint that they attached to those forms as an exhibit to its opposition. *See* Exhibit A to Opposition. I note that the plaintiffs do not dispute the authenticity of the government's exhibit or otherwise object to the court's consideration of it when deciding their motion; in fact, they cite to it in support of their reply argument. *See* Reply Memorandum in Support of Plaintiffs' Motion to Amend Complaint ("Reply") (ECF No. 74) at 1.

[2] It is worth noting that the FTCA also sets out time limits for submitting claims to the appropriate agency and for bringing suit if those claims are denied. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after . . . notice of final denial of the claim by the agency to which it was presented."). Unlike the FTCA's administrative exhaustion requirement, however, the Supreme Court has held that these time limits are not jurisdictional and may be equitably tolled in "extraordinary circumstance[s.]" *United States v. Kwai Fun Wong*, 575 U.S. 402, 405, 407-08 (2015). Because I conclude that Hýbková's proposed claims are barred as a result of her failure to comply with the administrative exhaustion requirement, I need not address the government's argument that her proposed claims are also barred because of her failure to abide by the time limits. *See* Opposition at 5-10.

4

1:15-cv-00045-JDL, 2016 WL 11580579, at *18 (D. Me. Feb. 2, 2016) ("[T]he Supreme Court held in *McNeil* that exhaustion of the plaintiff's administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA."); *Hutchins v. Maine State Housing*, No. 1:14-cv-00491-JAW, 2015 WL 2250672, at *5 (D. Me. May 13, 2015) (citing *McNeil* and dismissing a plaintiff's FTCA claims after determining that her failure to present those claims to the appropriate federal agency left the court "without jurisdiction to consider" them); Daniel A. Morris, *Federal Tort Claims* § 18:5, Westlaw (database updated June 2020) ("The [Supreme] Court held [in *McNeil*] that the administrative claim exhaustion requirement . . . is tied by explicit statutory language to jurisdiction, and is deemed 'jurisdictional.'").

In enacting the administrative exhaustion requirement, Congress aimed to achieve "fairness and efficiency by giving the relevant agency the opportunity to investigate and settle claims without the expense and delay of litigation," *Adams v. United States*, 615 F.2d 284, 291 (5th Cir. 1980), and, in doing so, provide "for more fair and equitable treatment of private individuals and claimants when they are involved in litigation with their government[,]" *Blue v. United States*, 567 F. Supp. 394, 396-97 (D. Conn. 1983) (alteration, citation, and quotation marks omitted). As courts have noted, these purposes are present "even when the claim is filed by a person . . . who happens to only claim the damages allegedly suffered by [her] because of an injury directly suffered by someone else." *Collazo v. United States*, 372 F. Supp. 61, 62 (D.P.R. 1973); *see also Ryan v. United States*, 457 F. Supp. 400, 401, 403 (W.D. Penn. 1978) (reiterating that the purpose of the FTCA's administrative exhaustion requirement is to "encourag[e] settlement and avoid[] unnecessary litigation" and holding that these purposes were undermined when the

"government was denied [the] opportunity to settle" a wife's loss of consortium claim under the FTCA when only her husband filed an administrative claim).

Given the purposes of the administrative exhaustion requirement and its jurisdictional nature, many courts have held that a claimant must independently satisfy the requirement in order to bring her FTCA claims in court even where they are based on an injury suffered by her spouse and her spouse has filed an administrative claim. *See, e.g.*, *Barber v. Kone, Inc.*, 118 Fed. Appx. 276, 278 (9th Cir. 2004) ("[The plaintiff's spouse's] claim was properly dismissed, as she did not exhaust her administrative remedies. That the merits of her loss of consortium claim are derivative of the merits of [the plaintiff's] claim did not relieve her of the responsibility to assert her own claim." (citations omitted)); *Freeman v. United States*, Case No. 13-cv-02421-WHO, 2014 WL 1117619, at *4 (N.D. Cal. Mar. 19, 2014) (dismissing a wife's claims for, among other things, loss of consortium and IIED under the FTCA where she "did not file her own administrative claim" and her husband's administrative claim could not "satisfy the jurisdictional prerequisites for her claim[s]"); *McNiff v. Asset Mgmt. Specialists, Inc.*, 337 F. Supp. 2d 685, 692 (E.D. Penn. 2004) ("[E]ach plaintiff who files suit under the [FTCA] must have individually and separately satisfied all the jurisdictional requirements of the Act before filing suit. The jurisdictional requirements of the [FTCA] are not met where an individual suing for loss of consortium fails to file his or her own separate administrative claim, even if the spouse has already filed an administrative claim." (citation omitted)); *Foster v. United States*, 858 F. Supp. 1157, 1163 (M.D. Fla. 1994) (dismissing a husband's derivative loss of consortium claims stemming from his wife's injuries because he "failed to file a separate administrative claim before initiating his lawsuit"); *Ryan*, 457 F. Supp. at 403 (dismissing a wife's claims of loss of consortium for lack of subject matter jurisdiction where she did not file her own administrative

6

claim and her claim was not delineated in her husband's administrative claim); *Collazo*, 372 F. Supp. at 61-62 (dismissing a husband's FTCA claims stemming from his wife's direct injuries where he did not file his own administrative claim).

The plaintiffs contend that, despite Hýbková's failure to independently file an administrative claim, the government had adequate notice of her claims because (i) Hornof's administrative claim form identified him as married, (ii) the complaint attached to his administrative claim form recounted his wife's distress, (iii) he filed a motion seeking his release so he could go back to his wife, and (iv) his counsel repeatedly referred to his wife's distress during the proceedings on that motion. *See* Reply at 1-2. They cite several cases where courts determined that claimants had satisfied the administrative exhaustion requirement despite various technical deficiencies and argue that to allow the government to stand on such technicalities in this case would undermine the purpose of the requirement. *See id.* at 2-3.

The cases relied upon by the plaintiff are readily distinguishable from this matter. *See id.*; *Blue*, 567 F. Supp. at 398 (holding that a prisoner claimant had satisfied the exhaustion requirement despite his failure to provide the Bureau of Prisons with a sum certain in damages on the basis that, "unlike more typical [FTCA] litigants," he "was at all relevant times a ward of the government" and, as such, "the fact, nature and extent of his injuries were well known to the government"); *Yates v. United States*, Civil Action No. 06-1876, 2008 WL 2152061, at *5 (E.D. Penn. May 21, 2008) (citing *Blue* and holding similarly with regard to a former prisoner's FTCA claims); *Adams*, 615 F.2d at 292 (holding that claimants had satisfied the exhaustion requirement where they had submitted their FTCA claims to the appropriate federal agency but had failed to provide the additional information that the agency requested from them); *Estate of Santos v. United States*, 525 F. Supp. 982, 985 (D.P.R. 1981) (refusing to let the government "stand on technicalities" and

7

finding that a widow had satisfied the exhaustion requirement even though her deceased husband's name was the only one that appeared on the administrative claim form on the basis that there was "no room for doubt" that the government understood that it was the widow who was pursuing the FTCA claim).

In contrast to those cases where the government understood the nature of the claim and knew the identity of the claimant, the government here could not have been put on notice of Hýbková's claims of loss of consortium and IIED by virtue of Hornof's administrative claim or his references to his "wife's distress" in court proceedings that preceded that claim. Reply at 2. Only Hornof's name appears on his administrative claim form; a form which instructs, "If the incident involves more than one claimant, *each claimant should submit a separate claim form*." Exhibit A to Opposition at 2-3 (emphasis added). Hornof and the two other existing plaintiffs apparently understood those instructions because they each filed a separate administrative claim form. *See id.* at 2-7. Moreover, although there are a few references to the distress that Hornof's detention caused his "wife" or "Mrs. Hornof" in the joint complaint that the plaintiffs attached to their administrative claims forms, Hýbková was not identified by her actual name nor were there any claims for damages on her behalf. *Id.* at 12, 26; *see Heaton v. United States*, 383 F. Supp. 589, 591 (S.D.N.Y. 1974) ("Simply because Mrs. Heaton's name appeared on the executed [administrative claim form] as Mr. Heaton's wife could not have put the government on notice that she was claiming loss of consortium and services. *And most importantly, she did not sign the form as a claimant – only her husband did.* (emphasis added)); *cf. Hardiman v. United States*, 752 F. Supp. 52, 54 (D.N.H. 1989) (holding that a wife satisfied the exhaustion requirement where she "was *specifically identified as a claimant* on the [administrative claim] form" and the "government was therefore on notice that [she] was making a claim") (emphasis added)).

Thus, more than being just a mere technicality, Hýbková's failure to independently satisfy the administrative exhaustion requirement deprived the government of its opportunity to investigate and attempt to settle her claims before she brought them to court. Because that requirement is jurisdictional in nature, this court lacks the subject matter jurisdiction to consider Hýbková's claims. *See Hutchins*, 2015 WL 2250672, at *5. Accordingly, the amendments that the plaintiffs seek leave to make to add Hýbková and her claims to their complaint would be futile. *See Glassman*, 90 F.3d at 623.

### IV. Conclusion

For the foregoing reasons, the Motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 27th day of April, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge