## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **JAROSLAV HORNOF et al.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | **No. 2:19-cv-00198-JDL** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant** | ) | |

### REPORT OF HEARING AND ORDER RE: DISCOVERY DISPUTES

Held in Portland by telephone on November 24, 2021, at 1:00 p.m.

Presiding:          John H. Rich III, United States Magistrate Judge

Appearances:     For the Plaintiffs: Edward S. MacColl, Esq.

For the Defendant: Michael A. DiLauro, Esq.
Kalynn Elizabeth Hughes, Esq.
Malinda R. Lawrence, Esq.

The telephone conference was held at the request of the parties to resolve disputes over the defendant's answers to three interrogatories and its apparent withholding of certain documents as privileged, *see* ECF No. 89, and over the plaintiffs' failure to produce four categories of documents, provide a sufficient privilege log, and provide an opportunity to depose the plaintiffs, *see* ECF No. 90.[1]  Following discussion, I ruled as follows:

1.     Plaintiffs' Interrogatory No. 4: I **SUSTAINED** the defendant's objection that the plaintiffs' request to "describe in detail each occasion on which the United States government has arbitrated or sought to arbitrate before the International Maritime Organization . . . in accordance

---

[1] At hearing, defendant raised an issue noted only in a supplemental filing, ECF No. 95.  I declined to consider that issue and reminded counsel that the only issues before me for resolution at a discovery hearing are those included in the hearing request.

with MARPOL[,]" ECF No. 89-2 at Page ID ## 1018-19, is overbroad and disproportionate to the needs of the case.  The defendant having admitted that it did not arbitrate or seek to arbitrate with Liberia in the underlying criminal case that gave rise to this action, the burden of providing a more wide-ranging response outweighs any incremental benefit.

2.    <u>Plaintiffs' Interrogatory Nos. 10, 15</u>: I **SUSTAINED** the defendant's objections that the plaintiffs' requests to (i) "identify the five most senior officials in the United States government who have expressly or impliedly approved or condoned the practice of negotiating to have foreign seafarers not accused of wrongdoing left behind in this country pursuant to so-called Agreements on Security[,]" (ii) "identify each Secretary of the department in which the Coast Guard was then operating who expressly or impliedly approved" that requirement, and, (iii) in both instances, provide more detail, ECF No. 89-2 at Page ID ## 1020-23, were overbroad and disproportionate to the needs of the case.  Both interrogatories seek information of attenuated relevance to this case, and Interrogatory No. 10 is also fatally vague.

3.    <u>Plaintiffs' Requests for Certain Documents</u>.  With respect to the plaintiffs' argument that the defendant improperly withheld two documents on privilege grounds – a government form agreement containing "best practices" and a Coast Guard manual on handling environmental or MARPOL cases that reference the practice of requiring crew members to come ashore as part of a "bond or other surety" for the release of vessels liable *in rem* for fines, ECF No. 89 at Page ID # 1013 – Attorney DiLauro clarified that the plaintiffs' document requests implicate a third document, which he described as an unsigned, undated memorandum prepared by the attorney who headed the Coast Guard headquarters group that set security agreement policies.  He noted that, while the defendant had invoked both attorney-client privilege and work product protection in withholding the government form agreement and the unsigned, undated

memorandum, it had not claimed any privilege or work product protection with respect to the voluminous Coast Guard manual and is willing to produce relevant portions pursuant to a confidentiality order, which has yet to be entered.  Without objection, I **DIRECTED** that, (i) with respect to the two documents the defendant has withheld, each side file on the CM/ECF docket by noon on December 8, 2021, simultaneous letter briefs linked to ECF No. 89 and limited to five pages single-spaced, and by 4:30 p.m. on December 10, 2021, simultaneous responses linked to ECF No. 89 and limited to three pages single-spaced, and (ii) the defendant provide to the court no later than 4:30 p.m. on December 10, 2021, an unredacted copy of each of the two disputed documents in a package addressed to my chambers for *in camera* review.  I further **DIRECTED**, without objection, that the parties meet and confer to attempt to reach agreement on production of the relevant portion(s) of the Coast Guard manual subject to a form of confidentiality order acceptable to both sides, failing which the plaintiffs shall promptly file a request for a discovery dispute hearing on the CM/ECF docket.

       4.    <u>Defendant's Requests that Plaintiffs Complete, and Verify the Completeness, of their Production of Requested Medical Records, Employment, Income, and Financial Information, and Records of Award Compensation Received from the United States (ECF No. 90, ¶¶ 3(1)-(2), (4))</u>.  Without objection, I **DIRECTED** that the plaintiffs produce to the defendant no later than December 17, 2021, any as-yet unproduced documents in the three categories of (i) medical records, (ii) employment, income, and financial information, and (iii) records of the wire transfer confirming the transmittal of compensation received from the United States with personal information redacted, and verify in writing that their production of documents in each of those categories is complete.

5.      <u>Defendant's Request for Copies of Certain Categories of Communications between the Plaintiffs or Their Counsel and their Former Employer, and a Privilege Log or Description Sufficient to Satisfy Fed. R. Civ. P. 26(b)(5) of Responsive Information Withheld as Privileged, Including the Nature of the Privilege Asserted  (ECF No. 90, ¶¶ 3(3), (5)).</u> Without objection, I **DIRECTED** that the parties meet and confer regarding both (i) the defendant's request for copies of certain communications between the plaintiffs or their counsel and their former employer, which Attorney MacColl indicated the plaintiffs claim are protected by attorney client, work product, and/or common defense privilege, and (ii) the defendant's general request for a sufficient privilege log.  In the event the parties are unable to resolve one or both of these matters after exhausting good-faith efforts to do so pursuant to Local Rule 26(b), the defendant shall promptly file a request for a discovery dispute hearing on the CM/ECF docket.

6.      <u>Defendant's Request for an Opportunity to Depose the Plaintiffs (ECF No. 90, ¶ 3(6)).</u>  Attorney DiLauro reported that the defendant has requested, and is cautiously optimistic that it will receive, authorization from the United States Department of Justice to fund the plaintiffs' travel to the United States for the purpose of taking their depositions, obviating any need for court action at this time.

In view of the foregoing resolution of the parties' discovery disputes, and without objection, I **ENLARGED** their remaining scheduling order deadlines as follows: discovery shall be completed by January 14, 2022; any Local Rule 56(h) notice shall be filed by January 21, 2022; any dispositive/*Daubert*/*Kumho* motions shall be filed by February 4, 2022; and the case shall be removed from the February 2022 trial list and placed on the March 2022 trial list, to be trial-ready by March 1, 2022.

**<u>*SO ORDERED*</u>**.

## CERTIFICATE AND NOTICE

A.      This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B.      In accordance with Fed. R. Civ. P. 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.  Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 27th day of November, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge