UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JAROSLAV HORNOF et al.,           )<br>                                                          )<br>           Plaintiffs             )<br>v.                                                     )<br>                                                          )<br>UNITED STATES OF AMERICA,  )<br>                                                          )<br>           Defendant              ) | No. 2:19-cv-00198-JDL |

*MEMORANDUM DECISION AND ORDER ON DISCOVERY DISPUTE*

The foreign national plaintiffs in this civil action allege that the defendant United States of America ("United States") unlawfully detained them as "human collateral" in 2017 to secure potential environmental pollution fines against the *M/V Marguerita*, the vessel on which they served, and its owner, *see* [First] Amended Complaint ("Operative Complaint") (ECF No. 3) ¶¶ 1, 17-20, 54-55.  In this discovery dispute, they challenge the withholding by the United States of two documents – a Memorandum re: Recommended Best Practices for Negotiating Surety Agreements in Environmental Crimes Cases and a Sample Security Agreement with Attorney Edits and Comments – on the grounds that they are protected either by the attorney-client privilege or the work product doctrine, *see* Report of Hearing and Order re: Discovery Disputes ("Hearing Report") (ECF No. 98) ¶ 3.  Following hearing, post-hearing letter briefs, and my *in camera* review, *see* Hearing Report ¶ 3*;* ECF Nos. 101-04, I conclude that both documents are protected by the work product doctrine.[1]

---

[1] Thus, I need not and do not consider whether the documents were properly withheld on the alternative basis that they are subject to the attorney-client privilege.

1

## I. Applicable Legal Standards

Work product protection extends "to documents and other tangible things that are prepared in anticipation of litigation or for trial." *United States v. Textron Inc. & Subsidiaries,* 577 F.3d 21, 27 (1st Cir. 2009) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).").

Rule 26(b)(3) does not displace the broader common law work product doctrine, first recognized by the Supreme Court in *Hickman v. Taylor*, 329 U.S. 495 (1947). *See, e.g., U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3*, No. 00Civ.4763(RMB)(JCF), 2002 WL 31296430, at *5 (S.D.N.Y. Oct. 11, 2002) (*Hickman* doctrine broader than Rule 26(b)(3)); *Maynard v. Whirlpool Corp.*, 160 F.R.D. 85, 87 (S.D. W.Va. 1995) (contours of work product doctrine distinct from those of Rule 26(b)(3)).

Common law work product doctrine protection extends to "the files and the mental impressions of an attorney" developed in the course of preparation for possible litigation, which may be reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways[.]" *Hickman*, 329 U.S. at 497, 510-511.

"It is not enough to trigger work product protection that the *subject matter* of a document relates to a subject that might conceivably be litigated." *Textron,* 577 F.3d at 29 (emphasis in original). "It is only work done in anticipation of or for trial that is protected." *Id.* at 30. "Even if prepared by lawyers and reflecting legal thinking, materials assembled in the ordinary course of business, or pursuant to public requirements unrelated to litigation, or for other nonlitigation

2

purposes are not under the qualified immunity provided by [work product protection]." *Id.* (citation and internal punctuation omitted). *See also, e.g., Am. Home Assurance Co. v. United States,* Civil Action No. 09-cv-258 (DMC), 2009 WL 3245445, at *1 (D.N.J. Oct. 7, 2009) ("Documents created in the ordinary course of business that prove useful in future litigation are not protected by the work-product doctrine.").

"The party asserting the attorney-client or work product privilege bears the burden of showing that the privilege applies." *Vicor Corp. v. Vigilant Ins. Co.,* 674 F.3d 1, 17 (1st Cir. 2012). "If the privilege is established, the burden of proving any exception falls to its proponent." *Id.* Documents protected by the work product doctrine are discoverable if, *inter alia,* "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

## II. Background

As relevant here, the plaintiffs allege that (i) they had been crewmembers on the *M/V Marguerita*, a vessel of Liberian registry that was scheduled to and did arrive in the Port of Portland, Maine, on July 7, 2017, *see* Operative Complaint ¶ 17, (ii) on July 8, 2017, United States Customs and Border Protection (CBP) officials or those acting at their direction boarded the vessel and illegally insisted that the plaintiffs and all crewmembers return the valid papers granting their entry into the United States, *see id*. ¶ 52, (iii) the vessel, its owners, and the United States executed an Agreement on Security that required the vessel's owner and managers to leave the plaintiffs and six other crewmembers in the Portland area and to continue to "employ" them for the purpose of providing "assistance" to the United States for as long as the United States wanted, *see id*. ¶ 71, (iv) the agreement expressly provided that the vessel would not be allowed to leave unless and

until the plaintiffs were forced off it, *see id.*, and (v) the plaintiffs were not parties to, and did not approve or consent to, the allegedly illegal agreement, *see id.* ¶ 72.

The Agreement on Security is part of the record in the underlying criminal case. *See* Agreement on Security (ECF No. 8-1), attached to Defendants' Motion to Quash Government's Application for "Ground Rules" (ECF No. 8), *United States v. MST Mineralien Schiffahrt Spedition und Transport GMBH*, No. 2:17-cr-00117-NT (D. Me., filed Sept. 1, 2017).

### III.  Discussion

The United States carries its burden to demonstrate that the two documents at issue qualify as protected work product. My *in camera* review confirms that both (i) were prepared by "another party or its representative[,]" Fed. R. Civ. P. 26(b)(3)(A) – the United States Coast Guard, (ii) contain the work product of Coast Guard attorneys, including their mental impressions, strategic advice, and practical guidance, and (iii) were "prepared in anticipation of litigation[,]" *id.*, namely, criminal prosecution of vessels and vessel owners for the pollution of U.S. waters.

The plaintiffs' argument that the documents do not qualify for work product protection because they were not prepared for use in a specific case that was either pending or anticipated, *see* ECF No. 102 at 3; ECF No. 103 at 3, is unavailing. As the United States notes, *see* ECF No. 104 at 2-3, the First Circuit rebuffed an argument that documents were not subject to work product protection because the communications between attorneys therein "focused on ways to prevent similar mistakes in the future[,]" *Miss. Pub. Emps. Ret. Sys. v. Boston Scientific Corp.*, 649 F.3d 5, 30-31 & n.24 (1st Cir. 2011) (for purposes of work product protection, documents at issue "fairly [could be] said to have been prepared or obtained because of the prospect of litigation") (citation and internal quotation marks omitted), and other jurisdictions have reached similar conclusions, *see, e.g.*, *Nat'l Ass'n of Crim. Def. Laws. v. Dep't of Just. Exec. Off. for U.S. Atty's*, 844 F.3d 246,

249, 252, 254 (D.C. Cir. 2016) (even though so-called "Blue Book," a litigation manual for federal prosecutors, was not prepared "in anticipation of litigating a specific claim or case[,]" it qualified for work production protection because it was "*entirely* about the conduct of litigation[,]" "aimed directly for use in (and will inevitably be used in) litigating cases[,]" and "was prepared with the litigation of *all* charges and *all* cases in mind[,]" as a result of which it "undoubtedly was created in anticipation of – and for use in – foreseeable litigation, i.e., federal criminal prosecutions") (emphasis in original); *Hawkinson v. Immigr. & Customs Enf't*, Civil Action No. 20-10189-FDS, 2021 WL 3604845, at *8-9 (D. Mass. Aug. 12, 2021) (ruling that documents drafted by Office of the General Counsel attorneys to provide guidance to agency clients were subject to work product protection when "they were prepared in anticipation of litigation because they provide guidance on how court staff and judges should handle bond hearings and alternatives to detention"; noting, "the case law refutes plaintiff's contentions that litigation manuals (that is, training materials for litigation) are not protected by the work-product doctrine").[2]

      The United States represents, and it is apparent on the face of the documents at issue, that they were created to assist with the crafting of agreements on security in conjunction with anticipated criminal prosecution of vessels and vessel owners for pollution of U.S. waters. Indeed,

---

[2] Four cases cited by the plaintiffs for the proposition that work product protection is unwarranted, *see* ECF No. 102 at 3; ECF No. 103 at 3, are distinguishable, *compare Textron*, 577 F.3d at 27 (company's tax accrual work papers not entitled to work product protection when they were not prepared for use in litigation but rather "to fix the amount of the tax reserve on [the company's] books and to obtain a clean financial opinion from its auditor"); *Linde Thomson Langworthy Kohn & Van Dyke, P.C. v. Resolution Tr. Corp.*, 5 F.3d 1508, 1515-16 (D.C. Cir. 1993) (rejecting plaintiff law firm's request to hold "that insured-insurer communications *as such* warrant an extension of the federal work-product doctrine beyond its current confines" but recognizing that "some insured-insurer communications obviously could surmount the considerable restrictions of the doctrine to merit protection"); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co.*, 967 F.2d 980, 981-82, 985-86 (4th Cir. 1992) (remanding case when record before district court was inadequate to determine whether work product protection was properly claimed with respect to documents subpoenaed from contractor who was not a party to suit between insurer and reinsurer over liability for fire damage to building); *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 858, 865 (D.C. Cir. 1980) (affirming district court's conclusion that, as to all but a few memoranda from regional counsel to auditors working in Department of Energy (DOE) field offices, DOE had failed to carry its burden to show that "litigation was fairly foreseeable" at the time the memoranda were prepared; noting that there was "no indication . . . that there was even the dimmest expectation of litigation when these documents were drafted").

the United States represents that the documents at issue were relied on in drafting the Agreement on Security executed in the underlying criminal case in the instant matter. *See* ECF No. 104 at 3. The documents, hence, warrant work product protection.

## IV. Conclusion

For the foregoing reasons, treating the instant discovery dispute as a motion by the plaintiffs to compel the production of the two Coast Guard documents at issue, the motion is **DENIED**.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 7th day of January, 2022.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge