UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JAROSLAV HORNOF, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) 2:19-cv-00198-JDL |
| | ) |
| **UNITED STATES OF AMERICA,** et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before me is a discovery dispute involving two documents: (1) the Memorandum Regarding Recommended Best Practices for Negotiating Surety Agreements in Environmental Crimes Cases and (2) the Sample Security Agreement with Attorney Edits and Comments. The United States, a defendant in this action, asserts that it should not have to provide the documents to Plaintiffs Jaroslav Hornof, Damir Kordic, and Lukas Zak, claiming work-product privilege and attorney-client privilege. After in camera review, Magistrate Judge John H. Rich III declined to compel their production (ECF No. 114), concluding that the work-product privilege applies to both documents. Specifically, he reasoned that both documents were prepared by the United States Coast Guard; contain the work product of Coast Guard attorneys, including their mental impressions, strategic advice, and practical guidance; and were prepared in anticipation of litigation, "namely, criminal prosecution of vessels and vessel owners for the pollution of U.S. waters." ECF

1

No. 114 at 4. The Plaintiffs object (ECF No. 119) to Judge Rich's order. Before addressing the objection, I first recount the essential facts of this case.

The Plaintiffs allege (ECF No. 3) that the United States, the United States Department of Justice, the United States Coast Guard, and the United States Department of Homeland Security (collectively, the "Government") unlawfully detained them while the Government investigated and prosecuted an environmental crime that had been committed aboard the *M/V Marguerita*.[1] The Plaintiffs, citizens of European countries, had worked on the ship as crewmembers. The Government withheld the ship's departure clearance pursuant to 33 U.S.C.A. § 1908(e) (West 2022) until the Government and the ship's owner and operator entered into an agreement on security (the "Agreement"), which is available on the docket of the criminal case against the owner and operator. *See* Agreement on Security, *United States v. MST Mineralien Schiffarht Spedition und Transport GMBH*, Case No. 2:17-cr-00117 (D. Me. Sept. 1, 2017), ECF No. 8-1.

The Agreement was completed on July 13, 2017. It provided that, in exchange for allowing the ship to depart, the owner and operator would jointly post a $1,750,000 bond, stipulate to the authenticity of documents and items seized from the ship, and waive certain jurisdictional objections. The Agreement also provided that the ship would depart without the three Plaintiffs and six others. For these nine individuals, the owner and operator were

---

[1] On November 2, 2018, the vessel's operator pleaded guilty to one count of violating the Act to Prevent Pollution from Ships, 33 U.S.C.A. § 1908(a) (West 2022), and one count of obstruction of justice, 18 U.S.C.A. § 1519 (West 2022).

obligated by the Agreement to continue paying their wages and to provide lodging, a meal allowance, and health care coverage, until the Government advised that all related cases were declined; depositions had been taken after any indictments or informations; or there was a sentencing, judgment, and any resulting repatriations. By its terms, the Agreement was not binding on anyone except the Government, the owner, and the operator, but it did require the owner and operator to immediately inform the Government if any of the individuals to be left behind refused to surrender their passports to the owner and operator. It also required the owner and operator to provide 72 hours' notice to the Government before returning any passport.

Turning to the Plaintiffs' objection to Judge Rich's order, pursuant to Federal Rule of Civil Procedure 72(a), I "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C.A. § 636(b)(1)(A) (West 2022); *SurfCast, Inc. v. Microsoft Corp.*, No. 2:12-cv-00333, 2014 WL 1203244, at *1 (D. Me. Mar. 24, 2014) ("When the Magistrate Judge issues an order on a non-dispositive matter, the Court reviews factual findings for clear error and legal findings de novo."). Having reviewed Judge Rich's factual determinations for clear error and his legal determinations de novo, together with the entire record, including in camera review of the disputed documents, I find no error in his factual and legal determinations. For the reasons fully explained in Judge Rich's order, both documents were prepared by the Government for use in litigation in the sense that they are resources designed to guide Government attorneys as they

3

negotiate security agreements with vessels' owners and operators before the Government prosecutes environmental crimes. The documents discuss, among other topics relevant to impending prosecutions, how to negotiate security agreements to ensure the Government's continued access to evidence.

In their objection, the Plaintiffs raise additional arguments that Judge Rich did not address because the arguments were not presented to him: (1) The work-product privilege is overcome by the Plaintiffs' substantial need for the documents and the undue hardship of acquiring substantially equivalent evidence, and (2) the crime-fraud exception to the work-product doctrine applies. While the Plaintiffs did make a crime-fraud argument to Judge Rich in the context of attorney-client privilege, their brief below cannot be fairly read as arguing that this exception also defeats the Government's work-product privilege. The Plaintiffs' brief was divided into two sections: work-product privilege and attorney-client privilege. The crime-fraud exception was mentioned only in the latter section. In contrast, the Plaintiffs' argument under the heading "Work Product" was that the documents were not prepared for use in any particular litigation.

"Parties must take before the magistrate, 'not only their "best shot" but all of their shots.'" *Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (quoting *Singh v. Superintending Sch. Comm.*, 593 F. Supp. 1315, 1318 (D. Me. 1984)). "The Court of Appeals for the First Circuit has written, '[w]e hold categorically that an unsuccessful party is not entitled as of right to de novo review by a judge of an argument never seasonably raised before the

magistrate.'" *Cain v. Tzovarras*, 1:20-cv-00070, 2021 WL 144244, at *1 (D. Me. Jan. 15, 2021) (alteration in original) (quoting *Guillemarde-Ginorio v. Contreras-Gómez*, 490 F.3d 31, 37 (1st Cir. 2007)). As such, the Plaintiffs' new arguments have been forfeited.

Accordingly, the Plaintiffs' objection (ECF No. 119) is **OVERRULED** and the Magistrate Judge's order (ECF No. 114) is **AFFIRMED**.

**SO ORDERED.**

**Dated this 1st day of April, 2022.**

                                          /s/ Jon D. Levy
                                   **CHIEF U.S. DISTRICT JUDGE**