# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JAROSLAV HORNOF, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | )  No. 2:19-CV-198-JDL |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Defendant.* | ) |

## UNITED STATES' RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OBJECTING TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

With the Court's leave, ECF No. 182, the defendant, the United States of America, respectfully submits this sur-reply to Plaintiffs' supplemental memorandum objecting to the United States' motion for summary judgment, ECF No. 181.

The documentary evidence demonstrates that the Department of Justice prosecutors reasonably concluded in July of 2017 that Plaintiffs Hornof and Kordic assented to their employer's request that they remain in its employ onshore in the District of Maine, while Plaintiff Zak did not.  *See* JSOF ¶ 64, ECF No. 151, PageID#: 1556.  Because prosecutors sought material witness warrants for those crewmembers (including Plaintiff Zak) who indicated they did not assent to remaining in Portland in the employ of the operator of their vessel, clearly they were prepared to do the same for Plaintiffs Hornof and Kordic had they not assented to remain. *See* JSOF ¶ 68, ECF No. 151, PageID#: 1557.

A predicate for issuance of a material witness warrant is a showing that "it may become impracticable to secure the presence of the person by subpoena."  18 U.S.C. § 3144.  If Hornof and Kordic were willing, however reluctantly or begrudgingly, to remain onshore in Maine in MST's employ during the criminal investigation, then it would not be impracticable to obtain

their testimony by subpoena or even informal request.  Therefore, it was reasonable for prosecutors to refrain from seeking issuance of material witness warrants for Hornof and Kordic's arrest until it became clear warrants would be necessary to secure their testimony.

While the evidence demonstrates that Hornof and Kordic manifested, at least initially, assent to remain shoreside in service of their employer, the United States does not contend that they volunteered to do so or did so enthusiastically.  They are foreign nationals who came of their own volition to the United States engaged as crew on a foreign-flagged vessel.  The United States did not invite them, nor was it responsible for the criminal activity perpetrated by their employer, the vessel operator.  As a practical matter, Plaintiffs' options were limited largely to electing to remain shoreside at MST's request, or risking potential arrest as material witnesses. An individual faced with limited options nonetheless makes a voluntary choice among those options.

Finally, the United States maintains its objection to any proffered testimony of Attorney Bruce Merrill on foundation and relevance grounds.  Like the plaintiffs, Mr. Merrill complains broadly about the United States' government's prosecution of foreign-flagged vessel interests in marine pollution-related cases such as the one in which Plaintiffs were involved.  However, Mr. Merrill had no involvement in the plaintiffs' case and has no first-hand knowledge of it.  He cannot speak to what either the plaintiffs or the federal prosecutors in the plaintiffs' case knew or when they knew it.

The United States maintains its qualifications and denials, set forth in its Response to Plaintiffs' Additional Statement of Material Facts (ASOF), ECF No. 172, to those numbered statements of fact that Plaintiffs cite in their supplemental memorandum, ECF No. 181.

Specifically, the United States denies: Plaintiffs' ASOF ¶ 32, *see* United States'

Response, ECF No. 172, PageID#: 7449; Plaintiffs' ASOF ¶ 41, *see* United States' Response, ECF No. 172, PageID#: 7454; Plaintiffs' ASOF ¶ 42, *see* United States' Response, ECF No. 172, PageID#: 7455; Plaintiffs' ASOF ¶ 45, *see* United States' Response, ECF No. 172, PageID#: 7456; Plaintiffs' ASOF ¶ 46, *see* United States' Response, ECF No. 172, PageID#: 7457; Plaintiffs' ASOF ¶ 50, *see* United States' Response, ECF No. 172, PageID#: 7460-7468; Plaintiffs' ASOF ¶ 59, *see* United States' Response, ECF No. 172, PageID#: 7469-7475; Plaintiffs' ASOF ¶ 62, *see* United States' Response, ECF No. 172, PageID#: 7476-7484; Plaintiffs' ASOF ¶ 79, *see* United States' Response, ECF No. 172, PageID#: 7489-7490; Plaintiffs' ASOF ¶ 83, *see* United States' Response, ECF No. 172, PageID#: 7491-7492; Plaintiffs' ASOF ¶ 84, *see* United States' Response, ECF No. 172, PageID#: 7492-7493.

The United States qualified: Plaintiffs' ASOF ¶ 43, *see* United States' Response, ECF No. 172, PageID#: 7455-7456; and Plaintiffs' ASOF ¶ 44, *see* United States' Response, ECF No. 172, PageID#: 7456.

## CONCLUSION

For the reasons set forth above, as well as those expressed in prior filings related to the instant motion for summary judgment, the United States respectfully requests that the motion be granted, and the plaintiffs' remaining claims against the government denied.

Dated:  December 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

DARCIE N. McELWEE
United States Attorney

JOHN G. OSBORN
Assistant United States Attorney
United States Attorney's Office

3

District of Maine
100 Middle Street
East Tower, 6th Floor
Portland, Maine 04101
(207) 780-3257
john.osborn2@usdoj.gov

*/s/ Malinda R. Lawrence*
MICHAEL A. DiLAURO
Senior Admiralty Counsel
KALYNN E. HUGHES
Trial Attorney
MALINDA R. LAWRENCE
Trial Attorney
Aviation & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice
(overnight courier)
175 N St., N.E., Ste. 8.1815
Washington, D.C. 20002
(mailing)
P.O. Box 14271
Washington D.C. 20044-4271
Telephone: (202) 616-4047/4060
Facsimile: (202) 616-4159
michael.dilauro@usdoj.gov
kalynn.e.hughes@usdoj.gov
malinda.r.lawrence@usdoj.gov

*Counsel for Defendant United States*

4