UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| JAROSLAV HORNOF, et al. )<br>)<br>    Plaintiffs, )<br>) No. 2:19-cv-00198-JDL<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA )<br>)<br>    Defendant ) | |

## ORDER ON BILL OF COSTS

With the mandate of the First Circuit Court of Appeals returned on September 6, 2024 (ECF No. 202), the Clerk addresses the *Bill of Costs* filed over a year earlier on September 19, 2023 (ECF No. 197). Plaintiffs had objected to the Bill of Cost as untimely when originally filed, but the Bill is ripe now.

Federal Rule of Civil Procedure 54(d)(1) sanctions an award of costs to prevailing parties, saying the following in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be allowed to the prevailing party." As determined by the Court and affirmed by the First Circuit Court of Appeals, Defendant is the prevailing party in this case. See *Judgment*, ECF No. 192 and *Judgment of USCA*, ECF No. 201. The specific expenses that may be taxed are outlined in 28 U.S.C. § 1920, but the expenses must be "necessarily incurred in the case" pursuant to 28 U.S.C. § 1924. Defendant seeks costs in the total amount of $29,430.34 for service fees, transcript fees and witness fees. *Bill of Costs*, ECF No. 197.

Plaintiffs have objected to all of the claimed expenses and urge the Court to deny the costs or, "at the very least…strictly scrutinize" them. *Corrected Response to Bill of Costs*, ECF No. 199 at 3.  Plaintiffs further assert that the Defendant has failed to justify its Bill of Costs because it did not provide a supporting memorandum. *Id.*  While Local Rule 54.3 states that "Bills of Costs . . . shall be prepared on forms available from the Clerk's Office…and filed with supporting memoranda," the Clerk has rarely denied applications that were timely filed on the forms but did not include a memorandum.  D. Me. Local R. 54.3.  Defendant's failure to provide the memorandum puts a finding in their favor at risk because it has solely relied upon the conclusory statement in the declaration on the Bill of Costs form that each item was necessarily incurred and performed.  "While a page-by-page justification is not required, the prevailing party must offer some evidence of necessity." *Bowling v. Hasbro, Inc.*, 582 F.Supp.2d 192, 210 (D.R.I.2008) (internal quotations and citations omitted).  The Court may exercise discretion when awarding or not awarding the prevailing party costs, even allowing unverified costs "where it is clear from the nature of the cost that it was necessarily incurred." *O'Rourke v. City of Providence*, 77 F. Supp. 2d 258, 264 (D.RI 1999), (citing *Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993)).  Without the memorandum and left with the burden, the Clerk has examined the record for necessity and some costs in this case are denied where the evidence is insufficient.

Having reviewed both parties' filings, and having made a careful and independent review of Defendant's Bill of Costs, the Clerk of Court hereby taxes

against Plaintiffs the total amount of amount of six thousand eight hundred fifty-eight dollars and twenty cents ($6,858.20) for the reasons set forth below.

Costs for Service of Summons and Subpoena

Attaching a bill from Veritext Legal Solutions (ECF No. 197-2), Defendant has claimed a cost of $100 for service of subpoena and summons on William Hawkinson, who was deposed in this case. Where there is insufficient evidence in the record to determine the necessity for Hawkinson to be served and Plaintiffs have objected, this cost will be denied.

Transcript Costs – Hearings

Transcript fees are specifically permitted to be taxed by statute, to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Defendant has claimed transcript costs for three hearings (the oral argument on 2/13/2020, a telephone conference on 11/24/2021 and the discovery hearing on 1/7/2022) without any showing of how the transcripts were used. Normally, to be taxable within the plain meaning of the language "use in the case" found in 28 U.S.C. § 1920(2), the transcript produced should be used at trial or have some direct relationship to a court determination or necessary filing. See *Caruso v. Delta Air Lines, Inc.*, 616 F. Supp. 3d 132, 137 (D. Mass. 2022) citing *Palomar Techs., Inc. v. MRSI Sys., LLC*, 2020 WL 4938414, at *3 (D. Mass. Aug. 12, 2020). ("In the analogous context of deposition transcripts, the First Circuit has held that deposition transcripts are taxable if they are introduced as evidence, used at trial, or where special circumstances warrant it.") In this case, Defendant has asked for

the costs of hearing transcripts with no explanation as to their necessity and with no proof of them being offered; so the Clerk assumes that they were procured for counsel's convenience and deny to tax their costs.

Transcript Costs - Depositions

Over half of the Defendant's bill claims a total of $15,104.51 for transcript costs that include video recordings, expedited costs and postage and handling. From the stipulated record (ECF No. 154), the *Motion for Summary Judgment* and its *Statement of Fact* (ECF Nos. 158 & 159), the Plaintiffs' *Response in Opposition to the Motion* (ECF Nos. 163 & 164) and the Court's *Order on Summary Judgment* (ECF No. 191), the Clerk can see that the depositions of Fleming, Root, Doyle, Fazio, Pettus and the Plaintiffs were "necessarily obtained for use in the case" within the meaning of 28 U.S.C. §1920(b) because they were used to research, write and support the motion for summary judgment. Plaintiffs aver that the depositions were taken by them; that they were not used by Defendant since they were not cited in its motion for summary judgment; and available to the Defendant in the stipulated record obviating the need for separate copies. But necessity "is an issue of fact to be determined based on the existing record or the record supplemented by additional proof" and is "judged in light of the facts known to the parties at the time the expenses were incurred." *Burton v. R.J. Reynolds Tobacco Co.*, 395 F. Supp. 2d 1065, 1079 (D. Kan. 2005) quoting *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988) and *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998).

The Clerk finds that, based on the record, the costs associated with the deposition expenses of Fleming, Root, Doyle, Fazio, Pettus and the Plaintiffs were necessary for Defendant at the time incurred during the litigation.  Without further explanation from Defendant in the form of a memorandum as to the necessity of the depositions of DeStephano and Hawkinson, the costs associated with those will be denied in their entirety because the Clerk cannot determine how they were used.

Transcription Costs – Handling & Expedited

The Clerk will reduce any awarded deposition costs in this case by denying those costs associated with postage and handling or expedited production of the depositions.

Any postage, shipping and handling costs for depositions are considered ordinary business expenses that are not permitted by this Court, so they will be subtracted from allowed costs in relation to obtaining the transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087 (N.D. Ill. 2002) and *Smith v Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). See also *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007).

 As part of its claimed transcript costs related to the depositions of Fleming, Root, Doyle, Fazio, and Pettus, Defendant claims an "expedited" rate for the transcripts.  (ECF Nos. 197-6 – 9).   Following case law from other circuits, this Court has generally held that an expedited charge on a transcript represents an extra cost which is not taxable unless prior court approval of the expedited rate has

been obtained or the special character or nature of the litigation necessitated an expedited receipt.  *Fogleman v. ARAMCO*, 920 F.2d 278 at 286 (5th Cir. 1991).  *See also Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964); *Sun Ship, Inc. v. Lehman*, 655 F.2d 1311, 1318 n.48 (D.C. Cir. 1981) (overnight transcription of depositions disallowed when purely for convenience of counsel); *Hill v. BASF Wyanotte Corp.*, 547 F. Supp. 348, 352, 353 (E.D. Mich. 1982) (no showing of need for expedited transcript of deposition, and disallowing daily transcript due to no prior court approval); and *Norton v. International Harvester Co.*, 89 F.R.D. 395 (E.D. Wis. 1981) (daily transcripts were "helpful" but a "relative luxury" not necessary for trial).  There being no explanation for the necessity of such a charge, the Clerk denies that portion of the deposition costs.  Where any transcript was produced in an expedited fashion, the cost will be reduced to the standard ordinary per-page rate of $3.65 rather than the expedited rate of $4.85.

Transcript Costs – Video Depositions

For the depositions of Plaintiffs, Defendant claims costs for both the reporting and videotaping of them.  *Bill of Cost, Itemization*, (ECF No. 197-14). The First Circuit has ruled that deposition costs should be taxed generally if used, but that it "is within the discretion of the district court to tax deposition costs if special circumstances warrant it." *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985).  Since Rule 30(b) of the Federal Rules of Civil Procedure authorizes depositions to be recorded by non-stenographic means, including videotaping, the allowance under 28 U.S.C. § 1920(2) for the taxation of transcript fees has been construed to include costs associated with videotaped depositions.

*Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997); *Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361 (7th Cir. 1990); and *Accord Freeman v. National Railroad Passenger Corp.*, 1994 WL 448631 (D. Mass. 1994). But Plaintiffs object to the taxation of both a stenographic transcript and a videotape recording of the Plaintiffs. *Corrected Objection to Bill of Costs,* ECF No. 199, p. 4.

As the Clerk has noted in the past, the plain language requirement of 28 U.S.C. § 1920(2) focuses the Court's discretionary, decision-making power on how the video transcript was used in the case, i.e. whether the video recording had a legitimate use independent from or in addition to the stenographic transcript. *Cf. Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004 (D. Kan. 1993) and *Miller v. National R.R. Passenger Corp.*, 157 F.R.D. 145 (D. Mass. 1994). Persuaded by Plaintiffs' response and consistent with the Clerk's own record of decisions, the Clerk finds that special reasons for video depositions in addition to stenographic ones do not exist here, so there is no justification for the taxation of both transcripts, especially where the video recordings were, in fact, not used in this case and all indications are that a stenographic transcript alone would have been sufficient. *See Kalman v. Berlyn Corp.*, 1989 WL 112818 at *2 (D. Mass. 1989) [saying "it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping." (emphasis in original)]. Therefore, Defendant's claimed costs for Plaintiffs'

depositions will be reduced by a total of $5,250 (amount to be taxed for videographer's fee).

Travel Costs for Witness Fees, Reporter & Videographer

As part of its claim for "fees for witnesses," Defendant seeks to tax the travel costs of a reporter and a videographer ($3,416.81) to take the Plaintiffs' depositions. *Bill of Costs, Itemization* (ECF No. 197-1 and -14). The Clerk will not tax these costs because 28 U.S.C. § 1920 "permits recovery only of the court reporter's fee for a transcript, not of the reporter's travel expenses." *W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1237 (5th Cir. 1988). "No other statutory provision defines court reporter's fees as including travel expenses in the way that (28 U.S.C. § 1821) defines the amount allowed for the fees and expenses of witnesses." *Id.* Therefore, $3,416.81 in costs for their travel will not be taxed.

Also, Defendant seeks another $10,809.02 for the costs of Plaintiffs' travel to the United States so that the Plaintiffs could be deposed. *Bill of Costs, Itemization* (ECF No. 197-1, p. 2). As noted in Plaintiffs' objection, the record indicates that expenses for Plaintiffs travel were agreed to be incurred by Defendants under a court-encouraged approach to either take the depositions virtually or for Defendant to pay for Plaintiffs' travel. *See* ECF Nos. 88 and *Status Report* (ECF No. 92). "(T)he travel expenses of a party to the lawsuit are not included in the § 1920 list."

*Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977)  Analogously, the general rule applied by courts that have faced this issue have held that parties are not entitled to collect their witness fees.  *Bowling v. Hasbro, Inc.*, 582 F. Supp. 2d 192, 209 (D.R.I. 2008), *Barber v. Ruth*, 7 F.3d 636, 646 (7th Cir. 1993); and 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2678 (3d ed.1998).  For these reasons, the travel costs of the Plaintiffs will not be taxed.

The total amount to be taxed in this case is as follows:

| | |
|---|---|
| Original Amount Claimed by Defendant: | $29,430.34 |
| Less Hearing Transcripts Costs: | ( 736.90) |
| Less Shipping/Handling & Expedited Depo Costs: | ( 411.92) |
| Less DeStephano & Hawkinson Depo Costs: | (1,947.49) |
| Less Video Deposition Costs: | (5,250.00) |
| Less Reporter and Videographer Travel Costs: | ( 3,416.81) |
| Less Plaintiffs' Travel Costs: | (10,809.02) |
| **Total to be Taxed:** | **$6,858.20** |

ORDER

The Clerk of Court hereby taxes costs in favor of Defendant in the amount of six thousand eight hundred fifty-eight dollars and twenty cents ($6,858.20).

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 13th day of September, 2024